## CHASE NAT. BANK OF CITY OF NEW YORK v. PAN AMERICAN PETROLEUM CO. et al.

### No. 419—J.

District Court, S. D. California,
Central Division.

Dec. 31, 1934.

Joseph V. Kline, of New York City, and Clarence M. Hanson, of Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher (by Homer D. Crotty), of Los Angeles, Cal., for William C. McDuffie, receiver of Richfield Oil Co. of California.

Clayton T. Cochran, of Los Angeles, Cal., for Pan American Petroleum Co.

Hill, Morgan & Bledsoe, Elvon Musick, and Howard Burrell (by Elvon Musick), all of Los Angeles, Cal., for Cities Service Co.

JAMES, District Judge.

The plaintiff, Chase National Bank of the City of New York, cotrustee with Bank of America named in an indenture providing first mortgage security for an issue of $10,441,400 bonds of Pan American Petroleum Company, brings this suit for declaratory relief (section 400, tit. 28, U. S. C. [28 USCA § 400]).

The point in question is whether by the amendment to section 847, tit. 28, U. S. C. (28 USCA § 847), adopted by Congress and approved on June 19, 1934 (28 USCA § 847), property sold at public sale under order or decree of a United States Court must have returned a sum not less than two-thirds of the value as shown by an appraisement made by three appraisers appointed by the court, regardless of whether the property is real or personal.

Prior to the amendment, section 847 (applying to real property) read as follows: "§ 847. *Sales; real property under order or decree.* All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct."

Section 848, 28 U. S. C. (28 USCA § 848), following, provided that court sales of personal property should be under the same procedure unless "in the opinion of the court rendering such order or decree it would be best to sell it in some other manner."

Prospective sales of both Pan American and Richfield properties to satisfy bonded

debts are under consideration, foreclosure proceedings having been instituted. The question presented is of vital moment in both proceedings.

Section 847, as it is now in force, with the amendatory provisions, is as follows: "All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct: Provided, however, That the court may, upon petition therefor and a hearing thereon after such notice to parties in interest as said court shall direct, if it find that the best interests of said estate will be conserved thereby, order and decree the sale of such real estate or interest in land at private sale: Provided further, That the court shall appoint three disinterested persons to appraise said property, and said sale shall not be confirmed for less than two thirds of the appraised value."

Does the final clause, providing for the appointment of appraisers, and denying the right of the court to approve the sale unless the bid amounts to two-thirds of the appraised value, affect public and private sales alike, or only private sales?

The petitioner asserts that where public sales are made such is not the requirement. It is further asserted that if such is the requirement, the amendatory provisions are unconstitutional as to it, as depriving the bondholders of a vested right which had accrued prior to the date of the amendment.

The controversy is an actual one and not assumed. The receiver and other interests before the court are contesting.

■ A quite elementary rule of statutory interpretation is that the true intent of Congress must be ascertained, and that that intent must prevail, unless the particular wording of the statute under consideration requires a different construction.

■ A careful reading of the amendment, in connection with the original and unchanged wording of the statute, makes it seem that an interpretation should be adopted which agrees with the petitioner's argument. The original statute (847) is not changed in its verbiage. There is added a proviso which allows sales of property to be privately made, which had not theretofore been permitted in any case where real property was involved. The rule remains general that such sales shall be publicly held with advertised notice for not less than four weeks. If, in the amended form, at the end of the expressions of the original statute there had been placed a period instead of a colon, there would have been left no room for debate whatsoever as to the meaning intended, to wit, distinct and separate procedure in the case of private sales. Nevertheless, the form of punctuation is not controlling to the opposite view here expressed. That Congress intended to authorize private sales under court orders to be made only under the restrictive conditions as to appraisement and confirmation of not less than two-thirds of the appraised value, leaving the general provision for public sales unaffected, seems fairly apparent. Why should it have been considered that the procedure outlined and established for public sales of property, with wide and general advertisements as to time and place of sale, needed any further added restrictive conditions? The Legislatures of the states have generally determined that public advertised judicial sales are designed to best prevent unfair advantage to be taken by the creditors as against the debtor. Exceptional cases, depending upon the class of property involved, and the dearth of bidders in the particular market, suggest that the canvassing of the interested public, using time and effort in solicitation of offers, may produce better results. In such cases, while private sales are authorized, Congress determined that there should be some cautionary limitation, which would prevent perhaps only a nominal price to be returned and approved. Hence the conditions that there should be a fair appraisement made and not less than two-thirds of the appraised price accepted and confirmed.

■ What has been stated demonstrates, I think, that at best there is here present a subject for scant debate as to what Congress intended by its amendment to Section 847. In such cases courts may resort to the records of the Congress, particularly the reports of its committees, in ascertaining the true intent of the law. By reference to such reports we find that the only subject contemplated to be covered by the amendatory provisions was the *private,* as distinguished from the *public,* sale of property under control of the court.

In Report No. 818, headed "Private Sale of Real Estate," Senator Stephens, of the

Committee on Judiciary of the Senate, submitted a recommendation for the passage of the bill embodying the amendment, with the statement: "A sufficient explanation of this proposed legislation is contained in the following excerpt from House Report No. 978, which accompanied the Bill in the House of Representatives." The matter referred to as contained in the House Report showed that the amendatory bill in its original form contained no condition as to appraisement of property. This was added by House Committee amendment. The House Report, referred to by Senator Stephens of the Senate Judiciary Committee, was as follows:

"The purpose of this bill is to amend the existing law so as to permit the private sale of real estate under the Federal equity jurisdiction. Under the existing law there is no such right. Experience has shown that a private sale can be effected more advantageously than a public one, particularly in equitable receiverships where the property is apt to be sacrificed. A person who wishes to buy will not make a genuine bid unless there is competition, when he may be compelled to pay a reasonable price. There is frequently no such competition and, as a result, the property is sacrificed at public sale. A private sale would give an opportunity for negotiation in which a fair price can probably be obtained.

"Your committee has amended the bill in order further to protect the property by providing that the court shall appoint three disinterested persons to appraise the property and that the sale shall not be confirmed for less than two thirds of its appraised value."

It seems most clear from this that there was no intent of Congress to have applied to public advertised sales of property, made under judicial order or decree, the restrictive provisions contained in the amendment. That the whole purpose and intent was, for the first time, to allow private sales to be made of real property under conditions as stated, appears without room for substantial question. The language of the amendment, and its relation to the original text, make this conclusion logical; the report of the Senate Committee confirms it.

The plaintiff petitioner will have judgment accordingly. In view of the conclusions stated, it will be unnecessary to determine the constitutional question presented. An exception will be noted in favor of all interested parties.